# C. Vernon Rettew Co., Inc., *v.* Heller, Appellant.

*Practice, C. P.—Motion for new trial—After-discovered evidence —Failure of defendant's counsel to take testimony in support of motion.*

A rule to show cause why a dismissal of a motion for a new trial should not be rescinded is properly discharged, where the only reason alleged therefor was that defendant's counsel had been negligent in not taking testimony to support the rule for a new trial.

Argued November 20, 1923.   Appeal, No. 6, March T., 1924, from decree of C. P. Dauphin Co., June T., 1921,

No. 537, discharging rule to reinstate motion for a new trial in the case of C. Vernon Rettew Company, Incorporated, v. Sarah Heller. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Rule to show cause why dismissal of motion for a new trial should not be rescinded. Before WICKERSHAM, J.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule. Defendant appealed.

*Error assigned* was the decree of the court.

*William H. Sponsler,* for appellant.

*W. Justin Carter,* for appellee.

PER CURIAM, December 10, 1923:

Appellant complains of an order of the court below discharging a rule to show cause why a dismissal of a motion for a new trial should not be rescinded and the motion restored to its condition when made. The petition for the rule set forth that the principal ground upon which the motion for a new trial was based was after-discovered testimony, and that, as a result of the failure and neglect of appellant's counsel to take the testimony of her witnesses in support of the motion, it was dismissed and judgment was entered on the verdict. We agree with the learned judge of the court below that he would not have been warranted in making the rule absolute. The only ground of appellant's complaint was the negligence of her counsel. The able counsel for appellant concedes, as he must, that the negligence of an attorney is chargeable to the client. He urges, however, that the rule does not apply where the attorney for the opposite party "participated" in the negligence. This contention is sufficiently answered by the fact that

there is no averment in the petition of any "participation" of appellee's counsel in the action of appellant's counsel and no allegation of any conduct savoring of collusion between the attorneys. We are all of opinion that it would have been an abuse of discretion to have reinstated the motion for a new trial.

The decree is affirmed.